LAW OFFICES OF GREG W. GARROTTO
Greg W. Garrotto, State Bar #89542
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310) 229-9200
jjggarrotto@msn.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELIZABETH BENSON ) | CASE NO. |
| Plaintiff, ) ) | COMPLAINT FOR DAMAGES FOR PERSONAL INJURY-PROFESSIONAL |
| v. ) ) | NEGLIGENCE; DEMAND FOR JURY TRIAL |
| SABAN COMMUNITY CLINIC, a federally ) supported health center; DELORES KENT ) M.D.; DOES 1-10 Inclusive ) ) | |
| Defendants. ) | |

Plaintiff, MARY ELIZABETH BENSON alleges as follows:

**JURISDICTION**

1. Plaintiff Mary Elizabeth Benson is at all relevant times herein a resident of the County of Los Angeles, California.

2. Defendant Saban Community Clinic is a community health center covered by the Federal Tort Claims Act pursuant to 28 U.S.C. Sections 1346(b) and 2401(b). Defendant Delores Kent M.D. is an employee of Defendant Saban Community Clinic.

3. On April 22, 2022, the Plaintiff timely filed a Claim pursuant to the Federal Tort Claims Act with the United States Department of Health and Human Services. On May 31, 2022, the Plaintiff supplemented said claim with copies of documents which supported the claimed injuries for which the Tort Claim was being filed.

4. On August 22, 2022, a final denial of the Plaintiff's claim was sent. On September 22, 2022, pursuant to the terms of 28 C.F.R. Section 14.9(b), the Plaintiff sent a written request to the United States Department of Health and Human Services for reconsideration of the final denial of the Claim.

5. To date, there has been no response by the United States Department of Health and Human Services to the request for reconsideration and this filing is timely under 28 C.F.R. Section 14.9(b).

**GENERAL ALLEGATIONS**

6. The true names and/or capacities, whether individual, corporate, associate or otherwise of the defendants Does 1 through 10, inclusive, and each of them, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that said defendants proximately caused the injuries and damages of Plaintiff as hereinafter alleged. The Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same has been ascertained.

7. Plaintiff is informed and believes and thereupon alleges that at all times mentioned that Defendant Saban Community Clinic is a federally supported health center in the City and County of Los Angeles. Defendant Delores Kent M.D. and Does 1-10 were Doctors of Medicine licensed to practice medicine and regularly practicing medicine in the County of Los Angeles, State of California by virtue of the laws of the State of California. Defendant Delores Kent M.D. is an employee of Defendant Saban Community Clinic.

8. Plaintiff is informed and believes and thereupon alleges that each and every named and fictitious defendant were the employees, agents, servants, independent contractors and/or joint venturers of their co-defendants, and were as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every defendant as aforesaid, when acting as a principal, was negligent in the selection of each and every other

defendant as an agent, employee, joint venturer and/or independent contractor.

9. The Plaintiff caused to be served notices pursuant to California Code of Civil Procedure Section 364. This complaint has been filed within one year of Plaintiff's discovery of her injuries and the extension of time that is granted upon service of said notices pursuant to California Code of Civil Procedure Section 364. As aforestated, Plaintiff has complied with the provisions of the Federal Tort Claim Act.

**FIRST CAUSE OF ACTION FOR MEDICAL NEGLIGENCE (ALL DEFENDANTS)**

10. Plaintiff incorporates each and every allegation of Paragraphs 1 through 9 as though set forth in full.

11. Plaintiff Mary Elizabeth Benson employed all defendants, and each of them, to diagnose, treat and care for Plaintiff. Pursuant to this employment, Defendants rendered professional services in the diagnosis, treatment and care of Plaintiff. The Defendants undertook and had a duty to act and render treatment, care and diagnoses in accordance with the applicable standard of care within the community for medical practitioners under similar circumstances. The Defendants and each of them acted below the standard of practice in the community for medical doctors under similar circumstances in that they improperly and negligently provided care for a condition resulting in serious burns resulting in extreme pain and suffering as well as disability and disfigurement. Said burns and the extent thereof were neither an ordinary and known risk or an unforeseen result of the procedure which was being performed at the time; rather said burns were the result of negligence.

12. As a direct and proximate result of the above-described conduct and negligent diagnosis, treatment and care of Defendants, Plaintiff has sustained injuries for which medical diagnosis, care and treatment has been and will be required. Plaintiff has incurred and will incur the costs of medical treatment care and diagnosis, all in amounts above the jurisdictional limit of this court.

13. As a direct and proximate result of the above described conduct and negligent diagnosis, treatment and care of Plaintiff, Plaintiff has sustained other special damages in amount which is above the jurisdictional limit of this court.

14. As a direct and proximate result of the negligent, careless and/or reckless conduct of the defendants and each of them, the Plaintiff Mary Elizabeth Benson has and will sustain pain, discomfort, fears, anxiety and other mental and emotional distress in an amount which is above the jurisdictional limit of this court.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For special damages according to proof in excess of the jurisdictional limit of this court;

2. For general damages according to proof in excess of the jurisdictional limit of this court;

3. For such other and further relief as this court may deem just and proper.

Dated: 2.22.2023         LAW OFFICES OF GREG W. GARROTTO

/s/Greg W. Garrotto
GREG W. GARROTTO

COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated: 2/22/2023        LAW OFFICES OF GREG W. GARROTTO

/s/Greg W. Garrotto
GREG W. GARROTTO